UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JERROD ANTONIO FULLER,

   Petitioner,

v.

EMILY FAITH FULLER,

   Respondent.

Civil Action No.: BAH-24-2573

MEMORANDUM

On September 4, 2024, self-represented Petitioner Jerrod Antonio Fuller ("Petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 seeking custody of his four minor children.[1] ECF 1. Specifically, Petitioner appears to challenge a custody order entered in the Circuit Court for Frederick County, Maryland. *Id.* As relief, he seeks "restoration" of his four children "to their Home and natural father," as well as a determination regarding Respondent Emily Fuller's "eligibility to co parent, to act as a parent." *Id.* at 6.

Habeas relief under 28 U.S.C. § 2254 is available to "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(d). Petitioner does not allege that he is in custody. A petitioner who was put in jail for civil contempt for failure to pay child support could meet this requirement. *See Leonard v. Hammond*, 804 F.2d 838, 842–43 (4th Cir. 1986). Here, Petitioner does not make any allegation in his Petition regarding child support, nor does he mention any contempt proceedings or detentions stemming from any child support obligations. *See* ECF 1. Rather, he appears only to challenge the validity of the state court's custody determination. *Id.* at

---

[1] The petition is titled "Petition for Writ of Habeas Corpus and Emergency Motion for Child Custody" and specifically cites 28 U.S.C. § 2254 as the basis for his claim. ECF 1, at 1.

6 (seeking "a writ of Habeas Corpus . . . requiring Emily Fuller to appear and produce [the children] before this court," that "Emily [ ] show cause why custody and [the children] should not be restored to their Home and natural father," and a "[d]etermin[ation of] Emily['s] eligibility to coparent [and] to act as a parent").  Further, Petitioner did not provide a state court case number. *Id.*

Although he does not include the case number for the state case, the Court takes judicial notice of Case No. C-10-FM-23-001402, which appears to be a Complaint for Custody filed by Emily Fuller against Plaintiff in the Circuit Court for Frederick County.  *See* Case Information, Case No. C-10-FM-23-001402, Maryland Judiciary Case Search, available at https://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=C10FM23001402&loc=67&detailLoc=ODYCIVIL (last visited Oct. 2, 2024).  Based on a review of that docket, after a hearing at which Petitioner was present, the Circuit Court for Frederick County, on March 29, 2024, entered a judgment of absolute divorce awarding sole legal and physical custody of Petitioner's and Emily Fuller's children to Emily Fuller.  *Id.*  It appears Emily Fuller filed two petitions for contempt related to child support enforcement on May 16, 2024, and May 21, 2024. *Id.*  Both petitions were denied at a hearing on August 14, 2024.  *Id.*  The docket does not reflect any additional contempt proceedings.  *See id.*  If at some point Petitioner were to be placed in custody following that hearing, he may have a cognizable claim under 28 U.S.C. § 2254.  However, as Petitioner is not currently in custody, habeas relief is not available.

Although Petitioner styled his petition as one seeking relief under § 2254, the Court is not bound to accept his label. However, even affording the petition a generous and liberal construction, Petitioner has not stated a federal claim or invoked the Court's limited jurisdiction, and the relief Petitioner seeks is unavailable from this Court.  A federal district court does not hear all matters.

2

Federal district courts have jurisdiction to hear only "civil actions arising under the Constitution, laws, or treaties of the United States" (federal question jurisdiction) and "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . ." (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332(a)(1). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see* Fed. R. Civ. P. 12(h)(3) (stating that if at any time a court determines that it does not have subject matter jurisdiction, "the court must dismiss the action"). The party filing suit in this Court bears the burden of establishing the Court's subject matter jurisdiction. *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *see Hertz*, 599 U.S. at 96. This Court must construe liberally complaints filed by self-represented plaintiffs. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The Court does not possess federal question jurisdiction over the case. Although Petitioner cites several federal statutes and seemingly invokes the federal Constitution, "[t]he mere assertion of a federal claim is not sufficient to obtain jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citing *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988)). "Federal jurisdiction requires that a party assert a substantial federal claim." *Davis*, 856 F.2d at 650 (citing *Hagans v. Lavine*, 415 U.S. 528, 536 (1974)). "The doctrine of substantiality is especially important where a wholly frivolous federal claim serves as a pretext to allow a state law issue, the real focus of the claim, to be litigated in the federal system." *Id*. at 651. Here, Petitioner is challenging only the custody determination made by the Circuit Court for Frederick County, as well as, it seems, that Court's ability to render its decision. These are state

law matters, and Petitioner does not present any facts which would invoke this Court's federal question jurisdiction.

Nor does the Court have diversity jurisdiction. Petitioner resides in Baltimore, Maryland, and Emily Fuller resides in Thurmont, Maryland. *See* ECF 1, at 1. Further, the amount-in-controversy requirement is not met, as Petitioner does not seek damages. *See id.* at 6. Thus, there is no diversity jurisdiction.

Additionally, to the extent Petitioner seeks this Court's review of family law matters, federal courts typically do not weigh into such matters. This area of the law traditionally has been reserved to the state or municipal court systems, which have the expertise and professional support staff. *See Moore v. Sims*, 442 U.S. 415, 435 (1979). Under "the domestic relations exception" to federal jurisdiction, federal courts do not have the power to "determine alimony or support obligations, or decide child custody rights." *Wasserman v. Wasserman*, 671 F.2d 832, 834 (4th Cir. 1982); *see also Ankenbrandt v. Richards*, 504 U.S. 689, 703–04 (1992) (no jurisdiction over custody disputes). Petitioner has not established any basis for federal jurisdiction over the family court matters present here.

For these reasons, the petition for writ of habeas corpus must be dismissed without prejudice. Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the order accompanying this memorandum opinion is a final order adverse to the applicant, Petitioner must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a

constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the Court finds that this standard has not been met and thus declines to issue a certificate of appealability. Petitioner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b).

A separate order follows.

/s/
Brendan A. Hurson
United States District Judge

October 4, 2024